# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

January 20, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ANNE DAVIS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1162** (BOR Appeal No. 2048338)
          (Claim No. 2012002879)

**DOLGENCORP, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Anne Davis, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Dolgencorp, LLC, by Patricia E. McEnteer, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 23, 2013, in which the Board affirmed a March 28, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 19, 2012, decision, which denied a request to add herniated lumbar and thoracic discs as compensable components of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Davis, a sales associate, sustained lumbar and thoracic sprains in the course of her employment on July 23, 2011, while stocking containers of juice onto a shelf. She was treated at MedExpress that same day and diagnosed with thoracic and lumbar sprains/strains. In a follow-up visit on August 17, 2011, she reported that her pain was mild to moderate and improving. She continued to work until an August 23, 2011, MRI revealed a herniated disc at T7-8, disc space narrowing and desiccation from T7-T10, and degenerative disc disease at L4-5 with a central disc herniation causing effacement of the anterior thecal sac.

1

Ms. Davis began treating with Rajesh Patel, M.D., on October 3, 2011. Dr. Patel stated that she reported severe pain in her back and numbness in her lower back and left leg. She stated she is not able to walk due to severe pain. Dr. Patel diagnosed disc herniations at T7-8 and L4-5, thoracic sprain, lumbar sprain, and throchanteric bursitis and recommended physical therapy. Ms. Davis showed little improvement with physical therapy so epidural steroid injections were performed, which also proved to be largely ineffective. Ms. Davis was then referred to a pain clinic.

Surveillance was performed on Ms. Davis in November of 2011. She was observed moving groceries from a cart to a vehicle. She was seen lifting and carrying a Christmas tree from a vehicle to her home. She was also observed carrying a dog dish and a jug of water. Ms. Davis reportedly appeared to move in a brisk and fluid manner and used no visible braces or support devices.

Paul Bachwitt, M.D., performed an independent medical evaluation on January 27, 2012, in which Ms. Davis reported injuring her back on July 21, 2011, when a large cart of stock got stuck. She then injured her back further on July 23, 2011, while stocking a shelf. She reported severe pain that radiates into her left leg and trouble standing for more than a minute. She also reported that she does not do many household chores. X-rays showed significant degenerative changes in the thoracic and lumbar spine. Dr. Bachwitt found that Ms. Davis had reached maximum medical improvement. He determined that surveillance videos indicated Ms. Davis was not fully cooperative with range of motion measurements. He concluded that she requires no further treatment and could return to full duty work.

Shadrach Jones, M.D., performed a record review in which he opined that the MRI findings of herniated discs are common and a normal aspect of aging in people of Ms. Davis's age. Lumbar herniated discs are only of consequence if there are radicular symptoms, which he did not find in this case. He stated that Ms. Davis can safely return to full duty work and no further treatment is necessary. Also, the herniated thoracic and lumbar discs are incidental findings that pre-existed the work-related injury and are therefore not work-related.

The claims administrator denied Ms. Davis's request to add herniated lumbar and thoracic discs as compensable components of the claim on July 19, 2012. The Office of Judges affirmed the decision in its March 28, 2013, Order. The Office of Judges found Dr. Bachwitt's determination, that Ms. Davis was at maximum medical improvement and required no further treatment, to be persuasive. Dr. Bachwitt found she could return to full duty work. The Office of Judges also found Dr. Jones's report to be persuasive. Dr. Jones reviewed medical records and found that Ms. Davis was injured lifting juice weighing approximately ten pounds. There was no traumatic injury and she was diagnosed with lumbar and thoracic sprains. She was taken off of work following MRIs that revealed herniated discs. Prior to the MRIs, she was performing her job duties without difficulty. Dr. Jones opined that the MRI findings were incidental, a result of the aging process, and not work-related. The Office of Judges therefore held that herniated lumbar and thoracic discs are not compensable components of the claim.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its October 23, 2013, decision. Ms. Davis asserts on appeal that the Office of Judges incorrectly disregarded Dr. Patel's opinion. She argues that his opinion is the best evidence of record and more reliable than that of Dr. Jones who did not examine her. Also, Dr. Patel's opinion is supported by MRI evidence. Dolgencorp, LLC, argues that Dr. Patel's opinion is based upon information Ms. Davis supplied him and not a review of her medical records. Her symptoms are not as severe as she claims they are, as can be seen on a surveillance video. Further, X-rays and MRIs show extensive degenerative changes in the thoracic and lumbar spine.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that Ms. Davis sustained lumbar and thoracic sprains in the course of her employment on July 23, 2011, and that the herniated lumbar and thoracic discs are the result of pre-existing degenerative changes and not the work-related injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  January 20, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II